Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC., <br><br> *Plaintiff* <br><br> v. <br><br> WWW.HAPPY-TOYS.SHOP; <br> WWW.MATTELBRANDS.TOP; <br> WWW.MATTELTOYS.SHOP; <br> WWW.MATTELTOYSMALL.SHOP; <br> WWW.MATTEL-ONLINE.SHOP; <br> WWW.MATTEL-OUTLET.SHOP; and <br> WWW.MATTEL-TOYS.TOP, <br><br> *Defendants.* | **21-cv-06650-VSB** <br><br><br> **PRELIMINARY INJUNCTION ORDER** <br><br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: __8/26/2021__ |

i

# **GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. |
| **Defendants** | www.happy-toys.shop; www.mattelbrands.top; www.matteltoys.shop; www.matteltoysmall.shop; www.mattel-online.shop; www.mattel-outlet.shop; and www.mattel-toys.top |
| **Shopify** | Shopify Inc., a Canadian company with an address of 150 Elgin Street, 8th Floor, Ottawa, ON K2P 1L4, Canada, and any and all affiliated companies, which operate a cloud-based e-commerce platform, available at www.shopify.com, that enables users to create online stores, manage their businesses, among other things |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Complaint** | Plaintiff's Complaint, filed on August 6, 2021 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Moore Dec.** | Declaration of Michael Moore in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Mattel Products** | Plaintiff's children's toys, games, playthings and other products sold under its Mattel Marks (as defined *infra*), and/or its iconic sub-brands, including, but not limited to: Barbie, UNO, Thomas & Friends, Hot Wheels, American Girl and Fisher-Price |
| **Mattel Services** | Plaintiff's services offered under its Mattel Marks (as defined *infra*), including, but not limited to, retail store services, and online ordering services relating to the Mattel Products |

ii

| Term | Definition |
|---|---|
| **Mattel Registrations** | U.S. Trademark Registration Nos.: 3,165,874 for "MATTEL" for services in Class 35; 4,106,374 for "MATTEL" for services in Class 35; and 898,209 for ![MATTEL] for goods in Class 28 |
| **Mattel Marks** | The marks covered by the Mattel Registrations |
| **Plaintiff's Website** | Plaintiff's fully interactive website located at www.shop.mattel.com |
| **Suspected Counterfeit Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via Defendants' Websites (as defined *infra*), which use the Mattel Marks or Plaintiff's other trademarks, or at the very least, marks that are confusingly similar thereto |
| **Defendants' Services** | Defendants' retail and online ordering services offered via Defendants' Websites |
| **Defendants' Website(s)** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Mattel Marks, that they operate to communicate with consumers regarding their Suspected Counterfeit Products and/or through which consumers purchase Suspected Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.happy-toys.shop; www.mattelbrands.top; www.matteltoys.shop; www.matteltoysmall.shop; www.mattel-online.shop; www.mattel-outlet.shop; and www.mattel-toys.top, as well as the following related websites that are currently inactive: www.funmattel.shop; www.happymattel.shop; www.outlet.funmattel.top; and www.mattel-outlet.store; along with any and all of the domain names associated therewith, including the Infringing Domain Names |

iii

| Term | Definition |
| --- | --- |
| **Infringing Domain Names** | www.mattelbrands.top; www.matteltoys.shop; www.matteltoysmall.shop; www.mattel-online.shop; www.mattel-outlet.shop; www.mattel-toys.top; www.funmattel.shop; www.happymattel.shop; www.outlet.funmattel.top; and www.mattel-outlet.store |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Websites (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc., the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc., Stripe Payments Canada, Ltd., and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Suspected Counterfeit Products and and/or Defendants' Websites, including, without limitation, Shopify, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts (such as Cloudflare, Inc. and CloudRadium LLC), domain name registrars (such as Alibaba Cloud Computing Ltd., DNSPod, Inc., and Chengdu West Dimension Digital Technology Co., Ltd.), and domain name registries |

| Term | Definition |
|---|---|
| **TRO** | Temporary restraining order; order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; order to show cause why a preliminary injunction should not issue; order authorizing bifurcated and alternative service; and order authorizing expedited discovery, issued by Judge Broderick on August 11, 2021 |

WHERAS, Plaintiff moved *ex parte* on August 6, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court granted Plaintiff's Application on August 11, 2021, and entered the TRO, which ordered Defendants to appear on August 25, 2021 at 4:00 p.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

WHEREAS, on August 17, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on all Defendants;

WHEREAS, on August 25, 2021 at 4:00 p.m., the Show Cause Hearing took place telephonically;and

WHEREAS, none of the Defendants appeared at the Show Cause Hearing, entered a notice of appearance, or requested an extension of time to appear.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a. Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting,

      distributing, displaying, offering for sale, selling and/or otherwise dealing in Suspected Counterfeit Products;

ii. directly or indirectly infringing in any manner Plaintiff's Mattel Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Mattel Marks to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Mattel Marks and/or any other marks that are confusingly similar to the Mattel Marks on or in connection with Defendants' Websites and/or Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Suspected Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, website owned or operated by Defendants, services provided by Defendants and/or Defendants' commercial activities by Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Suspected Counterfeit Products and/or (ii) any computer files, data, business records, documents or

      any other records or evidence relating to Defendants' Websites, Defendants' Assets and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Suspected Counterfeit Products;

  vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

 viii. linking, transferring, selling and/or operating Defendants' Websites;

   ix. registering, trafficking in or using any domain names that incorporate any of Plaintiff's Mattel Marks, or any colorable imitation thereof, including the Infringing Domain Names; and

    x. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above, and 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

   ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business

records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

   iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) and 1(b)(i) through 1(b)(ii) above, and 1(c)(i) through 1(c)(ii) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. providing services to Defendants, including, without limitation, those in connection with the continued operation of Defendants' Websites;

   ii. permitting the transfer, sale and/or assignment of Defendants' Websites; and

   iii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within five (5) days of receipt of service of this Order, any newly discovered Financial Institutions shall locate and attach Defendants' Financial Accounts, provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' Websites, including contact information for Defendants (including mailing addresses and e-mail addresses), account numbers

and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days of receipt of service of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

      i. account numbers;

      ii. current account balances;

      iii. any and all identifying information for Defendants and/or Defendants' Websites, including names, addresses and contact information;

      iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a

      business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify the geographic location(s) of any consumers from which deposits were sent, deposit slips, withdrawal slips, cancelled checks and account statements; and

   vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Websites, including, but not limited to, documents and records relating to:

   i. account details, including, without limitation, identifying information and account numbers for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, a full accounting of Defendants' sales history and listing history under Defendants' Websites and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites; and

    iv. Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Suspected Counterfeit Products, or any other products bearing the Mattel Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Mattel Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order; or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download a PDF copy of this Order, to Defendants' e-mail addresses, customer@serviceremail.com, customer@servicemail.com, DeandraMNoonan@outlook.com, meeeloiodycy@outlook.com, t7279338xingn@163.com, ondievene@outlook.com, kenwchuangm13@163.com, MylesVDerrico@outlook.com, pncccpoeplll@hotmail.com, and

JessieMBurke@outlook.com.

5. As sufficient cause has been shown, such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where CloudRadium LLC will be able to download a PDF copy of this Order via electronic mail to abuse@ceranetworks.com;

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba Cloud Computing Ltd. will be able to download a PDF copy of this Order via electronic mail to DomainAbuse@service.aliyun.com;

   e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Chengdu West Dimension Digital Technology Co., Ltd. will be able to download a PDF copy of this Order via electronic mail to abuse@west.cn;

   f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

    DNSPod, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@dnspod.com; and

    g) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Shopify will be able to download a PDF copy of this Order via electronic mail to legal@shopify.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 26th day of August, 2021, at 4:00 p.m.
New York, New York

                                                                         HON. VERNON S. BRODERICK
                                                                         UNITED STATES DISTRICT JUDGE